Labauve, J.
Eugene LeBlanc, Beine LeBlanc, Augustin LeBlanc, Belizaire LeBlanc, Ulger LeBlanc, Augustiere LeBlanc, and Apolline Le-Blanc, claim of defendant, their father, the sum of four thousand dollars with legal interest from judicial demand, with a legal mortgage, as paraphernal money received by their father in right of their deceased mother.
The petition alleges in substance that plaintiff’s mother died 29th August, 1860 ; that she had inherited during her marriage from the succession of her deceased father and mother, one arpent of land, which was sold by their father, who received the price thereof, as follows :
That on the 30th of October, 1824, one Charles Gautreau sold to their father one 1 ah' arpent of land; that said sale purports to have been made for six hundred dollars in cash, while, in fact, no money was paid, but the true intent of the parties was a daiion enpaiement made to petitioner’s mother for her rights in the succession of her deceased father.
That on the 17th May, 1832, at a sale of the property of the succession of the widow Jean Baptiste Bourgeois, grandmother of petitioners, the land was sold to Jean B. Bourgeois, one of the heirs and administrator; that thereafter, on the 13th June, 1832, the said Bourgeois, reeonveyed the said land to André LeBlanc, and Beloni Mire, in right of their wives, and that one half arpent of said land was a daiion enpaiement to x>etitioners’ mother for her rights in the succession of her deceased mother ; that said two parcels of land, making one arpent, were the separate property of petitioners’ deceased mother.
That on the 27th of March, 1839, their father sold said land to widow Dominique A. Tureaud for four thousand dollars. That their father is then indebted to petitioners for said sum with legal interest from the 29th, August, 1860.
*207 The petition concludes by praying that their father be decreed to pay four thousand dollars with legal interest from judicial demand- with a mortgage dating on the 27th March, 1839.
Edward LeBianc brought a suit against the defendant on the 3d April, 1866, claiming of the defendant the sum of six thousand six hundred dollars, with interest at eight per cent, per annum, from 10th January, 1862, with a special mortgage on defendant’s land, dating on 21st day .of January, 1861; this suit has been consolidated with that of the heirs of Mrs. LeBianc. He also introduced in the said suit of Mrs. LeBlanc’s heirs or André LeBianc, reiterating his mortgage claim upon defendant’s land, and which he alleges to be superior to all other mortgages or privileges thereon. He denies all the allegations set forth in the said heirs’ petition, and alleges that if said heirs ever had any right, their father settled with them; that they being all of full age, accepted the community ; that the note sued upon, was for borrowed money to pay the community debts; that all of said heirs assented to said mortgage, and that they are bound for their portion of said mortgage debt.
He prays for judgment against the defendant and the .sale of the mortgaged property, and that the said heirs’ demand be rejected.
After a hearing, the Court gave judgment in favor of five of .the plaintiffs, against the defendant, for 52,857 14, with legal interest from judicial demand, and a legal mortgage, from the 27th March, 1839, and rejected two of the plaintiffs’ claims, and dismissed the intervention, and gave judgment in favor of Edward LeBianc against the defendant, André LeBianc, for six thousand six hundred dollars, with interest and mortgage.
The intervenor alone took this appeal. We will first examine the two acts of sale, which, it is alleged, contain dalion era paiement of the rights of the deceased wife.
The first, passed before the Parish Judge of Ascension, on the 30th October, 1824, purports to be a sale, pure and simple, by Charles Gautreau to André LeBianc, for six hundred dollars, paid before the pass-' ing of the act.
The second, passed 13th June, 1832, before the Parish Judge of Ascension, purports to be a sale by Bourgeois, as administrator of the succession of widow Bourgeois, for the plantation which was adjudicated' to André LeBianc and Beloni Mire, but that really the said adjudication was made to André LeBianc and Beloni Mire, in the rights of their wives ; the act then proceeds to state that the said administrator sells and conveys to said André LeBianc and Beloni Mire, the said plantation for the price of three thousand three hundred dollars, payable, one-half in March, 1833, and the other half in March 1834; mortgage retained on the property, the purchasers binding themselves in solido to pay said sum of three thousand three hundred dollars.
It is clear that these acts do not contain dalion era paiemenl; they are pure and simple sales made to André LeBianc,' and not to his wife. André LeBianc is the purchaser and he binds himself to pay; his wife is not a party to the act, nor does he appear as her agent.-.
On the 27th March, 1839, André LeBianc, sold this land as his own, and his wife renounced her rights in the usual form.
*208 We are of opinion that these parcels of land became community property. C. C. Art. 2371; 5 An. 688.
It is true that André LeBlanc, the surviving husband, being examined, testified that those two half arpents of land were paid for and taken in payment of his wife’s shares in the estates of her father and mother, said shares amounting in both successions, from one thousand eight hundred to two thousand dollars. Admitting this to be all true, the deeds of sale show that the property was purchased during marriage, in her husband’s name, though paid for in whole with the wife’s funds, the same belonged to the community, the wife only retained a claim against the husband, for her funds so paid, with a mortgage. C. C. Art. 2367 ; 10 L. 181; 12 L. 170 ; 17 L. 206 ; 19 L. 406 ; 4 R. 114 ; 5. A. 688. . .
Two acts of acquittance, given by the deceased wife, duly assisted by her husband, to the administrator of the estates of her father and mother, passed before the Parish Judge of Ascension, were introduced in evidence without objection. The first, on the 26th April, 1828, shows that the wife received from the estate of her father, $1,900 37. The second, on the 31st March, 1835, shows that the wife received from the estate of her mother, $909 61; which two sums make an aggregate of $2,800 98, apparently conflicting with the testimony of the husband, who declared that in both estates the amount was from $1,800 to $2,000, but we must presume that the memory of the witness failed him after a lapse of time of over thirty years, and that the receipts are more reliable.
It is not shown that the deceased wife administered her paraphernal property separate and alone ; it is then presumed that the same was under the administration of her husband and that he received said funds and is responsible for the same. O. O. Art. 2362; 14 A. 281; Johns v. Race, 18 A. 105.
The intervenor has failed to show that the defendant had paid his children, nor that the latter had accepted the community to which the said plaintiffs declare in their petition to have renounced ; therefore all the property belonging to the community, belongs to the defendant subject to the tacit morlgage of plaintiffs.
• The appellees, by their answer, pray that the judgment of the District Court be amended so as to allow Belizaire the interest purchased by him of Joseph U. LeBlanc, and that the mortgage given by defendant to the intervenor, be restricted to the interest of the mortgagor in her property, and thus amended, that it be affirmed; Belizaire LeBlanc and Joseph U. LeBlanc and the defendant are all appellees. It is well settled that a judgment.appealed from cannot be amended between appellees. 18 A.; 16 A. 195 ; 10 A. 433.
The judgment is erroneous as to the amount allowed to five of the plaintiffs, and must be reduced.
It is therefore ordered, adjudged and decreed, that the sum of two thousand seven dollars and fourteen cents be allowed in lieu of two thousand eight'hundred and fifty-seven dollars and fourteen cents, and, that as amended, the said judgment be affirmed, at the costs of the appellees.
Rehearing refused,